THOMAS COMINS *v.* R. J. JONES AND JOHN MUNSON.

*Service of Writ. Motion to Quash.*

1. The writ showed that the co-defendants had been late partners in business; that one resided in this State, and the other out, at the time of the service of the writ; and that it was served only on one. *Held*, on motion, that the writ should not be quashed; but that the plaintiff was entitled to an order of court, to enable him to make service upon, or give notice to, the non-resident defendant.

2. R. L., s. 1405—notice to absent defendants, construed.

HEARD on motion to quash the writ, December Term, 1881, ROYCE, J., presiding. Motion, *pro forma*, overruled. The de-

fendant, Jones, on whom the writ had been served, moved that " the cause be quashed and abated, because, he says, that no service of said writ has been made upon the defendant, Munson, as appears by the said writ and return thereon; and said return shows no excuse or reason for the said omission of service upon said Munson."

*A. P. Tupper*, for the plaintiff.

*E. R. Hard*, for the defendant, Jones.

The opinion of the court was delivered by

ROYCE, J. The motion to quash was made by the defendant Jones, upon whom service of the writ had been made. The defendants are alleged to have been late partners in business; and the residence of defendant Jones is described as being in Cornwall, in this State, and that of Munson as being in Salt Lake City. The statute, sec. 1405, R. L., prescribes the manner of giving notice to a party against whom a suit is brought before the Supreme or County Court, who is absent from the State at the time of the service of the writ. The defendant upon whom legal service had been made had no right to have the writ quashed upon motion at the term of court to which it was made returnable, for the want of service upon his co-defendant, or because no excuse is rendered by the officer making the return upon the writ, for not serving it.

It is the right of the plaintiff upon the return of the writ, to procure such orders as the court are authorized by law to make, to enable him to make service upon, or give notice to, the nonresident defendant.

The motion was properly overruled, and the judgment is affirmed.